IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, N.A. (FORMERLY KNOWN AS FIRST UNION NATIONAL BANK), AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2002-1<br><br>    Plaintiff,<br><br>v.<br><br>OSCAR N. LIGHTNER A/K/A DR. OSCAR LIGHTNER AND LESLIE R. LIGHTNER<br><br>    Defendants. | Civil Action No. 5:17-cv-103 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, U.S. Bank, N.A., successor trustee to Wachovia Bank, N.A. formerly known as First Union National Bank, as Trustee for Long Beach Mortgage Loan Trust 2002-1 ("U.S. Bank" or "Plaintiff"), and files this *Original Complaint* against Oscar N. Lightner a/k/a Dr. Oscar Lightner and Leslie R. Lightner, and shows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.,* 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). As a national banking association, Plaintiff's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. U.S. Bank's main office is located in Ohio. Therefore, Plaintiff is a citizen of Ohio for diversity purposes.

2.  Defendant Oscar N. Lightner a/k/a Dr. Oscar Lightner is a citizen of Texas, who may be served with process at 310 Lake Powell, Laredo, Texas 78041-1987 or at such other place as he may be found. Summons is requested.

3.  Defendant Leslie R. Lightner is a citizen of Texas, who may be served with process at 508 Beverly Drive, Laredo, Texas 78045-2112 or at such other place as she may be found. Summons is requested.

4.  This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on certain real property. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The current payoff of the underlying note is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

5.  Venue is proper in the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1391(b)(2) because this suit concerns title to real property located in Webb County, Texas.

## II. FACTS

6.  On or about October 31, 2001, for value received, Defendant Oscar N. Lightner a/k/a Dr. Oscar Lightner and Defendant Leslie R. Lightner (collectively the "Borrowers") executed that certain Texas Home Equity Fixed/Adjustable Rate Note in the original principal amount of $465,600.00 bearing interest at the rate of 8.25% per annum (the "Note").

7.  Concurrently with the Note, the Borrowers executed that certain Texas Home Equity Security Instrument (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in certain real property and improvements

located in Denton County, Texas, commonly known as 214 Jordan Drive, Laredo, Texas 78041 and legally described as:

> SITUATED IN WEBB COUNTY, TEXAS, AND BEING THE SURFACE ONLY OF LOT NUMBER SEVEN (7), IN BLOCK NUMBER ONE (1) OF THE J. S. J. ESTATES, SUBDIVISION, UNIT I, A SUBDIVISION OF THE CITY OF LAREDO, AS PER PLAT RECORDED IN VOLUME 13, PAGE 81, WEBB COUNTY PLAT RECORDS.

(the "Property").

8. Plaintiff is the current owner and holder of the Note endorsed in blank and beneficiary of the Security Instrument.

9. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

11. The Borrowers have failed to make payments on the Note and have failed to comply with any and all of the covenants and conditions of the Security Instrument. The Loan Agreement is due an owing for the March 1, 2009 payment and all subsequent monthly payments. Notice of default and intent to accelerate was provided to the Defendants at their last known address. The Defendants have failed to cure the default and the maturity of the debt is hereby accelerated.

### III.  CAUSE OF ACTION – JUDICIAL FORECLOSURE

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. Plaintiff asserts a cause of action for judicial foreclosure against the Borrowers. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrowers have failed to make the payments required under the Note, which constitutes an event of default.

14. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

15. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against the Borrowers for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against the Borrowers personally.

16. All conditions precedent have been performed or have occurred.

## PRAYER

For these reasons, U.S Bank requests that the Defendants be cited to appear and answer and that, upon final hearing, U.S. Bank have and recover a judgment against them allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. U.S. Bank further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **JOSEPH MODRIC**
    Texas Bar No. 24096420
    jmodric@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
*Attorneys for Plaintiff*