UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-103 |
| | § | |
| OSCAR N LIGHTNER; aka DR. OSCAR LIGHTNER, *et al.*, | § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

Plaintiff brought this judicial-foreclosure action because Defendants Oscar and Leslie Lightner have failed to make mortgage payments for nearly a decade. Pending now is Plaintiff's Motion for Summary Judgment (Dkt. No. 45), asking the Court to allow it to foreclose on its lien against the Lightners' property. Defendants Oscar Lightner, International Bancshares Corporation, and Commerce Bank each oppose Plaintiff's Motion, but the only defense they proffer is that Plaintiff's claim is time-barred. (Dkt. Nos. 49 at 4–6; 55 at 3–5). Because that defense is meritless and the summary-judgment record demonstrates that Plaintiff is otherwise entitled to foreclose on its lien, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**I. BACKGROUND**

In 2001, Defendants Oscar and Leslie Lightner executed a Texas Home Equity Fixed/Adjustable Rate Note (the "Note") and an Equity Security Instrument (the "Security Agreement"), which required that they make monthly payments on the loan beginning in December 2001 and continuing until November 2031. (Dkt. No. 45-1 at

9–28). The Security Agreement granted its beneficiary a security interest in the Lightners' real property[1] should the borrowers default on their Note payments. (*Id.* at 11–12, 15). Plaintiff U.S. Bank National Association, as the successor trustee for Long Beach Mortgage Loan Trust 2002-1, is the current holder of the Note and assignee of the Security Agreement. (*Id.* at 30).

The creditor–debtor relationship hit turbulence in August 2008 when the Lightners began missing payments on the Note. (*See* Dkt. Nos. 49 at 16; 50 at 3; 55 at 2). Plaintiff responded by accelerating the maturity of the Lightners' debt and seeking foreclosure on its lien in state court. (Dkt. No. 49 at 14–17). That action was later dismissed. (Dkt. No. 55 at 2). In March 2009, the Lightners again missed a Note payment; they have failed to make payments ever since. (Dkt. No. 45-1 at 5).

In May 2012, the then-loan servicer mailed the Lightners a notice of default and acceleration, which made clear that the servicer would accept less than the full amount of the accelerated debt to bring the Lightners' loan current. (*Id.* at 33–34, 76, 89). That same correspondence warned the Lightners that the maturity of their loan would be accelerated if they failed to cure their default. (*Id.* at 34).

In early 2014, Plaintiff sent the Lightners a notice of default and intent to accelerate the maturity of their debt. (*Id.* at 59–72). A notice of acceleration followed in November 2014. (*Id.* at 74–87). In May 2017, Plaintiff brought this judicial-foreclosure action to vindicate its interest in the Lightners' property under the

---

[1] The property is located at 214 Jordan Drive, Laredo, Texas, 78041. (Dkt. No. 1 at 2–3).

Security Agreement. (Dkt. No. 1). It has now moved for summary judgment, asking that it be allowed to proceed with foreclosure on its lien. (Dkt. No. 45).

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence is viewed in the light most favorable to the nonmovant. *Miller v. Metrocare Servs.*, 809 F.3d 827, 832 (5th Cir. 2016) (citing *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013)).

The initial burden is on the movant to point to portions of the record that he believes demonstrate the absence of a genuine dispute about a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting FED. R. CIV. P. 56(e)).

"If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish

beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the movant would not bear the burden of proof at trial on a particular claim, he meets his initial burden on summary judgment if he identifies an element of the claim for which the nonmovant has produced no evidence. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992) (quoting *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990)).

## III. ANALYSIS

In Texas, a lender that wishes to foreclose on property under a security instrument must show that "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the debtor is] in default under the note and security instrument; and (4) [the debtor] received notice of default and acceleration." *Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019) (quoting *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)) (citing Tex. Prop. Code Ann. § 51.002).

The summary-judgment evidence shows—and Defendants' responses do not contest—that the Lightners owe a debt under the Note, which is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution. (Dkt. No. 45-1 at 4–5, 9–13, 15–21, 89). Moreover, the Lightners have been in default since 2009, and Plaintiff served them with notice of default and acceleration—and then actually accelerated the maturity of their debt—in 2014. (*Id.* at 5, 30, 76–86, 89).

Defendants raise only one defense in response to Plaintiff's Motion for

Summary Judgment: they argue that this judicial-foreclosure action is time-barred because the Lightners' debt was initially accelerated in 2009. But that argument ignores either well-established law or uncontroverted summary-judgment evidence.

Yes, under Texas law, "[a] person must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *Jatera Corp. v. U.S. Bank Nat. Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a)). And although "[a] cause of action for foreclosure normally accrues on the maturity date of the note[,] [w]hen a note or deed of trust secured by real property includes an optional acceleration clause, 'the action accrues . . . when the holder actually exercises its option to accelerate.'" *HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 203 (5th Cir. 2018) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)) (citing Tex. Civ Prac. & Rem. Code Ann. § 16.035). However, a lender may unilaterally abandon an earlier acceleration, *Jatera Corp.*, 917 F.3d at 835 (citations omitted), which "'restor[es] the contract to its original condition,' thereby 'restoring the note's original maturity date' for purposes of accrual." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (quoting *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

When a lender requests payment on less than the full loan amount, the request operates as an effective unilateral abandonment of acceleration. *See Jatera Corp.*, 917 F.3d at 835 ("[T]he request for payment of less than the full obligation—after initially accelerating the entire obligation—[is] an unequivocal expression of the bank's intent

5

to abandon or waive its initial acceleration." (quoting *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016))); *HSBC Bank USA*, 907 F.3d at 201 ("The mortgage servicer at the time, Select Portfolio Services, sent Crum a Notice of Default on October 15, 2013, requesting less than the full amount owed to satisfy the debt, thereby effectively abandoning acceleration." (citing *Curry v. Ocwen Loan Serv'g LLC*, No. H-15-3089, 2016 WL 3920375, at *5 (S.D. Tex. July 14, 2016))); *Boren*, 807 F.3d at 106 ("A lender waives it earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" (quoting *Leonard v. Ocwen Loan Serv'g, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam))).

The summary-judgment evidence does demonstrate that the Lightners' debt was initially accelerated sometime between their August 2008 default and Plaintiff's 2009 foreclosure action. (Dkt. No. 49 at 16). But in May 2012, less than four years after the initial acceleration, the Lightners received notice from the then-loan servicer that it would accept less than the full amount of the accelerated debt to bring their loan current; moreover, the servicer warned that failure to pay could lead to a future acceleration of the debt's maturity. (*See* Dkt. No. 45-1 at 33–35, 76, 89). Under Fifth Circuit precedent, that was sufficient to effectively abandon the initial acceleration.

In early 2014, Plaintiff again provided the Lightners with notice of default and intent to accelerate the maturity of their debt. (*Id.* at 59–72). It again accelerated the Lightners' debt in November 2014. (*Id.* at 74–87). Because Plaintiff filed this judicial-

foreclosure action in May 2017, (Dkt. No. 1), it is not barred by Texas's four-year statute of limitations for real-property foreclosures. *See Boren*, 807 F.3d at 106 ("[T]he statute of limitations period under § 16.035(a) ceased to run [after the lender waived its earlier acceleration,] and a new limitations period did not begin to accrue until the [debtors] defaulted again and [the lender] exercised its right to accelerate thereafter.").

IV. CONCLUSION

The evidence demonstrates that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law. Plaintiff's Motion for Summary Judgment (Dkt. No. 45) is therefore **GRANTED**, and it may proceed with foreclosure of the Property as provided in the Security Agreement and pursuant to Texas Property Code § 51.002. Final Judgment in favor of Plaintiff will accompany this Order.

It is so **ORDERED**.

**SIGNED** August 12, 2019.

_____
Marina Garcia Marmolejo
United States District Judge